UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY PORTER,

        Petitioner,

                                        CASE NO. 2:07-CV-11782
v.                                      HONORABLE GEORGE CARAM STEEH

JAN TROMBLEY,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.    Introduction**

Jerry Porter ("Petitioner"), a Michigan prisoner, has filed a *pro se* petition for writ of habeas corpus asserting that he is being held in violation of his constitutional rights. Petitioner pleaded guilty to assault with intent to murder and possession of a firearm during the commission of a felony in the Wayne County Circuit Court in 2004 and was sentenced to three to 15 years imprisonment on the assault conviction and a consecutive term of 10 years imprisonment on the felony firearm as a third offender. In his pleadings, Petitioner asserts that the state breached his plea agreement with regard to his felony firearm offense and sentence. For the reasons set forth herein, the Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

**II.    Facts and Procedural History**

Petitioner's convictions arise from his shooting of Darnell Grant in Detroit, Michigan on

1

August 27, 2004.  Petitioner was originally charged with assault with intent to murder, felony firearm, felon in possession of a firearm, and felonious assault.  On December 2, 2004, he pleaded guilty to assault with intent to murder and felony firearm second offense in exchange for dismissal of the other two counts, as well as an agreement that he would be sentenced to 3 to 15 years imprisonment on the assault conviction and a consecutive term of 10 years imprisonment on the felony firearm conviction.  *See* Plea Tr., pp. 3-4.  At that hearing, Petitioner acknowledged that he had two prior felony firearm offenses, in 1982 and 1992.  *Id.* at p. 8.

On January 11, 2005, the parties appeared for sentencing.  At that time, the trial court noticed the discrepancy between the plea to felony firearm second offense, which is punishable by a maximum of five years imprisonment, and the 10-year sentencing agreement for the felony firearm offense.  Upon questioning from the court, both the prosecutor and defense counsel acknowledged that the proper felony firearm charge was for a third offense with a 10-year sentence and consented to the court amending the plea documents.  *See* Sent. Tr., pp. 2-3.  Petitioner raised no objection.  *Id.* at 3, 5.  The trial court then sentenced Petitioner to 3 to 15 years imprisonment on the assault conviction and a consecutive term of 10 years imprisonment on the felony firearm third offense conviction in accordance with the parties' expressed agreement.

Several months after sentencing, Petitioner filed a motion to correct the felony firearm sentence with the trial court, essentially asking the court to impose a five-year sentence for the felony firearm conviction.  The trial court conducted a hearing and indicated a willingness to allow Petitioner to withdraw his plea.  Petitioner, however, declined to do so.  *See* Motion Tr., pp. 10, 12.  The trial court then denied the motion, finding that although the plea documents and

plea hearing reflected a plea to felony firearm second offense, they also showed an agreement for a 10-year sentence on the felony firearm conviction. The court noted that felony firearm third offense was charged in the information and that the record did not indicate that the charge was being reduced as part of the plea offer. *Id*. at p. 10-12. The court concluded that the plea agreement was essentially amended at sentencing to reflect the parties' intent and upheld the amendment and sentence. *Id*. at p. 12.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that the trial court erred in denying his motion to correct the felony firearm sentence, which was denied. *People v. Porter*, No. 267405 (Mich. Ct. App. March 20, 2006) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Marr*, 476 Mich. 865, 720 N.W.2d 289 (2006).

Petitioner thereafter filed the present habeas petition, asserting the following claim:

> The state courts were incorrect in their decision of Petitioner's claim of an unconstitutional sentence by breaching the agreement. This argument is that the state courts unreasonably applied federal law set in *Santobello v. New York*, 404 U.S. 257, 92 S Ct 495, 30 L Ed 2d 427 (1971). Also by violating Petitioner's due process rights to uphold the plea agreement in his interest. U.S. Const Am XIV.

Respondent has filed an answer to the petition contending it should be denied for lack of merit.

**III.   Analysis**

    **A.   Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

3

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether

the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

In this case, both of the Michigan appellate courts denied leave to appeal in standard orders. Because those courts did not specifically address whether the alleged error constituted a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review of the claims is *de novo*. *See Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

    **B.**    **Habeas Claim**

Petitioner asserts that he is entitled to habeas relief because the prosecution breached his

plea agreement as to his felony firearm conviction and sentence. Specifically, he asserts that the inconsistency between his initial plea to felony firearm second offense and his agreement to a 10-year sentence for that offense should have been construed in his favor such that he should have been sentenced to five years imprisonment on his felony firearm conviction. Petitioner contends that the state courts' denial of relief constitutes a misapplication of *Santobello v. New York*, 404 U.S. 257 (1971), and a violation of his due process rights.

In *Santobello*, the United States Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id*. at 262. The Supreme Court subsequently clarified this language, holding that *Santobello* does not apply to every rescinded government promise. Rather, it applies only to those promises that induce a defendant to enter the plea. *See Mabry v. Johnson*, 467 U.S. 504, 507-08, 510 (1984). In determining whether a plea agreement has been breached, courts look to what was reasonably understood by the defendant when he entered his plea. *See United States v. Carr*, 170 F.3d 572, 575 (6th Cir. 1999).

Under *Santobello*, the appropriate remedy for the government's breach of a plea agreement is either specific performance of the agreement or an opportunity to withdraw the plea. *See Santobello*, 404 U.S. at 263. The appropriate remedy is within the trial court's discretion, *id*., and the Constitution does not require specific performance, *see Mabry*, 467 U.S. at 510 n.11. "[A] federal court sitting in habeas review should not 'lightly find misrepresentation in a plea agreement.'" *Myers v. Straub*, 159 F. Supp. 2d 621, 627 (E.D. Mich. 2001) (Steeh, J.) (quoting *Montoya v. Johnson*, 226 F.3d 399, 406 (5th Cir. 2000)).

In this case, there was no breach of the plea agreement as to the felony firearm offense in that Petitioner received the 10-year sentence that he bargained for during negotiations. Rather, there was an inconsistency between his plea to felony firearm second offense, punishable by five years imprisonment, and his agreed-upon sentence of 10 years imprisonment. The state trial court noted this discrepancy prior to sentencing. Ordinarily, when a defendant agrees to a sentence that is not permitted by law, courts find that the plea bargain is illegitimate. *See Pickens v. Howes*, 549 F.3d 377, 381 (6th Cir. 2008) (citing circuit cases). In this case, however, both the prosecution and defense counsel agreed that the court should change the plea documents to felony firearm third offense to comport with the information, the pre-sentence report, and the factual basis set forth at the plea hearing. Petitioner did not object to this correction. The trial court then sentenced Petitioner to 10 years imprisonment on the felony firearm third offense conviction in accordance with the plea agreement, as amended. Petitioner's felony firearm plea was thus clarified/amended prior to sentencing and he received the mutually agreed-upon sentence for that offense. Consequently, Petitioner cannot establish that the State breached his plea agreement or that his due process rights were violated. *See, e.g., United States v. Zuniga*, 553 F.3d 1330, 1336-37 (10th Cir. 2009) (finding no due process violation where defendant accepted revised plea agreement providing for longer sentence as armed career criminal).

Petitioner does not raise an involuntary plea claim in his petition (as to his original or amended plea agreement). Significantly, however, the state trial court gave Petitioner the opportunity to withdraw his plea during the hearing on his post-conviction motion, but Petitioner declined. He instead continued to request that he be sentenced to five years

7

imprisonment on his felony firearm offense, despite the fact that he agreed to a 10-year sentence at the time of his plea and agreed to amend the plea documents to reflect a plea to felony firearm third offense at the time of sentencing.  Given that Petitioner consented to the plea amendment and was subsequently unwilling to withdraw his plea, he is not now entitled to specific performance, *i.e.* a five-year sentence on his felony firearm conviction.  As noted, the appropriate remedy for a plea agreement breach is either specific performance of the agreement or an opportunity to withdraw the plea – specific performance is not constitutionally required.  *See Santobello*, 404 U.S. at 263; *see also Mabry*, 467 U.S. at 510 n.11.  Petitioner was given an opportunity to withdraw his plea, but refused to do so.  He has thus failed to establish a violation of his constitutional rights under the unique circumstances of this case.  Habeas relief is not warranted.

**IV.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim contained in his petition.  Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability ("COA") must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner

satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37.

A district court, in its discretion, may decide whether to issue a COA at the time the court rules on the habeas petition or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). Having considered the matter, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. The Court, therefore, **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly, the Court also **DENIES** leave to proceed on appeal *in forma pauperis*.

**IT IS SO ORDERED**.

S/George Caram Steeh
GEORGE CARAM STEEH
Dated: May 19, 2009                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 19, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk